UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL STEVEN NOVAK,

        Plaintiff,

v.

JAMES THATCHER,

        Defendant,

Case No. C08-5711BHS/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
September 18, 2009

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff challenges his transfer to an out of state facility. Plaintiff alleges that the transfer was in retaliation for litigation he and other inmates filed against prison officials (Dkt. # 1). Plaintiff is not proceeding *in forma pauperis* and paid the full filing fee.

A non-party to this action repeatedly submitted pleadings on the Plaintiff's behalf. The Court warned Plaintiff regarding these filings. The Court did not consider several of the attempted filings. Attempts to amend the complaint failed when Plaintiff filed two

REPORT AND RECOMMENDATION- 1

unsigned amended complaints. (See Dkt. # 26, 27, 33, 36, and 37). Ultimately, the Court withdrew leave to amend the complaint (Dkt. # 37). The complaint in this action is the original complaint that names only James Thatcher as the Defendant (Dkt. # 1).

Mr. Thatcher moves for Summary Judgment (Dkt. # 40). Plaintiff did not respond to the motion. Pursuant to Local Rule 7, failure to respond to a motion may be taken by the Court as an admission that the motion has merit.

## FACTS

Plaintiff alleges that as a result of prior litigation, defendant made a decision to transfer him out of state (Dkt. # 1). Defendant moves for Summary Judgment and he states:

> James Thatcher is currently employed by the Washington State DOC as the Superintendent over the placement of Washington inmates in facilities outside of Washington. Mr. Thatcher has worked for DOC for over 37 years and has been involved in the out-of-state placement of Washington inmates for over 30 years. See Exhibit 1, Declaration of James E. Thatcher.
>
> For several years DOC has had a need to house Washington inmates in correctional facilities outside of Washington due to a lack of space in Washington's correctional facilities. In 2007 DOC had a need to send several hundred Washington inmates to Minnesota and therefore developed an objective set of criteria to try to identify appropriate candidates for this out-of-state placement. DOC Headquarters staff created a list of DOC inmates who met the basic criteria for transfer out of state (age, medical condition, time left to serve, etc.) and then sent the names of the inmates on the list to DOC's institutions for additional, more detailed screening. Institution staff were asked to interview each offender individually and ask various questions designed to determine their appropriateness for out-of-state placement. These questions included questions about scheduled court appearances, the number of visits they had, transfer holds, industries employment, possible Indeterminate Sentence Review Board hearings, programming, and whether or not the inmate volunteered to be transferred out of state. These criteria were incorporated into DOC's 2007 Out of State (Rent-a-bed) Screening Form. Id.
>
> Mr. Novak met the general criteria for out-of-state placement and institution staff were asked to interview him to determine his appropriateness for transfer out of state. On July 24, 2007, Mr. Novak was interviewed by institution staff members Barron and Styles who determined that Mr. Novak met the criteria for transfer out of state. Id.

REPORT AND RECOMMENDATION- 2

> Mr. Novak appealed the institution's screening of him for out-of-state placement asserting that he was still working on his criminal case and that he wanted to stay in Washington to have more contact with his mother. Mr. Novak's appeal was responded to on Mr. Thatcher's behalf by DOC employee Gary Bohon who indicated that the inmates' concerns were noted and would be taken into consideration. Mr. Novak was determined to be an appropriate candidate for out-of-state placement and was transferred to Minnesota on or about August 30, 2007. Mr. Novak has remained in Minnesota since August 2007. Id.
>
> Mr. Thatcher had no personal involvement in screening Mr. Novak for placement in Minnesota or deciding his screening appeal. Mr. Thatcher's review of the screening documents concerning Mr. Novak indicates to him that Mr. Novak was appropriately placed out of state and is still appropriate for out-of-state placement. Mr. Thatcher had no personal knowledge at the time of Mr. Novak's transfer out of state of any grievance or litigation activity by Mr. Novak. Mr. Thatcher didn't retaliate against Mr. Novak who was legitimately screened and selected for out-of-state placement by DOC staff. Id.

(Dkt. # 40, pages 2 and 3).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R.

REPORT AND RECOMMENDATION- 3

Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court considers the substantive evidentiary burden that the nonmoving party must meet at trial, which is "the preponderance of the evidence" in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court resolves any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradict facts specifically attested by the moving party. Id. Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

A.  *Personal Participation.*

Plaintiff must allege facts showing that the individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone. Plaintiff must allege that the Defendants' own conduct violated the Plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992). The undisputed facts are that Mr. Thatcher

REPORT AND RECOMMENDATION- 4

played no part in the decision to transfer Plaintiff out of state.  On this issue alone, Defendant Thatcher would be entitled to Summary Judgment.

B. *Retaliation.*

An action taken by prison officials cannot be depicted as retaliation if the action furthers a legitimate penological goal.  <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985).  Here, Plaintiff fails to contradict Defendants' assertion that hundreds of inmates needed to be shipped out of state and that Plaintiff met the criteria for out of state placement. Again, Defendant Thatcher would be entitled to Summary Judgment.

## CONCLUSION

The undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED and that this action be DISMISSED WITH PREJUDICE.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 18, 2009**,** as noted in the caption.

Dated this 24th day of August, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5